# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------x

In re: ELIZABETH THOMAS

                Debtor.

--------------------------------------------------------x

Chapter 13

Case No.: 25-11431 (JPM)

## <u>ORDER GRANTING P.C.F. PROPERTIES' MOTION TO DISMISS</u>

UPON the *Objection to Chapter 13 Plan and Motion to Dismiss* (the "Motion") [Dkt. No. 31] filed by P.C.F. Properties in TX, LLC ("Creditor") on September 25, 2025, seeking entry of an order dismissing this Chapter 13 case of Elizabeth Thomas ("Debtor"); and the *Supplement to Objection to Chapter 13 Plan and Motion to Dismiss* (the "Supplemental Motion") [Dkt. No. 76] filed by Creditor on November 6, 2025; and due notice of the Motion having been given to all necessary parties; and upon the record of the hearing before the Court on the Motion on January 15, 2026 (the "Hearing"); and Debtor having failed to appear at the Hearing; and upon the entire record of the case and all of the proceedings herein; and

WHEREAS Creditor has within the Motion set forth sufficient cause under 28 U.S.C. § 1408 and Federal Rule of Bankruptcy Procedure 1014(2); and

WHEREAS on January 14, 2026, Debtor filed a *Notice of Voluntary Dismissal of Chapter 13 Case* [Dkt. No. 85] and admitted that "[D]ebtor has filed in the wrong venue …. Here venue is not proper pursuant § 1408." [*Id*., p. 2]; it is hereby

ORDERED that Debtor's Chapter 13 Case is DISMISSED for improper venue[1]; and it is further

ORDERED that upon entry of this Order, any associated adversary proceedings are deemed moot; and it is further

ORDERED that the Clerk's Office shall serve this Order on Debtor via U.S. Mail at the address listed on the petition

Date: February 12, 2026
     New York, New York

                               /S/  John P. Mastando III

                               Honorable John P. Mastando III
                               United States Bankruptcy Judge

---

[1] Although at the Hearing, the Court indicated that it would grant dismissal with prejudice with a one-year bar on re-filing, the Court will refrain from ruling on any further substantive relief given the finding of improper venue.