UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELIZABETH THOMAS,

Plaintiff,

-v-

P.C.F. PROPERTIES IN TX, LLC,

Defendant.

26 Civ. 868 (PAE) (GS)
26 Civ. 871 (PAE) (GS)

ORDER

PAUL A. ENGELMAYER, District Judge:

Plaintiff Elizabeth Thomas moves for reconsideration, under Federal Rule of Civil Procedure 60(b), of the Court's decision in the above-captioned cases to adopt a Report and Recommendation of the Hon. Gary Stein, United States Magistrate Judge (the "Reports"). 26 Civ. 868, Dkt. 11; 26 Civ. 871, Dkt. 12. Thomas challenges this decision, arguing that her objections to the Reports—filed 26 days after each Report issued—were timely because they were served within 14 days "exclusive of weekends and holidays" and the "3-day Mailbox Rule." *Id.* ¶¶ 3–6. The Reports, however, provide that "the parties shall have fourteen days, *inclusive of weekends and holidays*, from service of this Report [] to file written objections thereto." 26 Civ. 868, Dkt. 8 at 9 (emphasis added); 26 Civ. 871, Dkt. 9 at 9 (emphasis added).

Thomas's request for reconsideration is plainly without merit, and falls well below the standard for reconsideration under Rule 60(b). *See Vasquez v. Cnty. of Rockland*, 2020 WL 8079814, at * 1 (S.D.N.Y. Oct. 15, 2020) (Rule 60(b) "affords 'extraordinary judicial relief'" that "can be granted 'only upon a showing of exceptional circumstances.'" (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61, (2d Cir. 1986)); *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("[R]econsideration is generally only granted upon a showing of "controlling decisions or

data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.").[1] Accordingly, the Court denies plaintiffs' request. The Court respectfully directs the Clerk to terminate motions pending at 26 Civ. 868, Dkt. 11 and 26 Civ. 871, Dkt. 12.

SO ORDERED.

Paul A. Engelmayer

PAUL A. ENGELMAYER
United States District Judge

Dated: July 30, 2026
New York, New York

[1] Further, even were the Court to consider plaintiff's objections, no objection was directed towards the Reports' primary finding that plaintiff's underlying motions were moot, a point the Court recognized in its July 8 decision. *See* 26 Civ. 868, Dkt. 10 at 2; 26 Civ. 871, Dkt. 11 at 2.